RECEIVED

JUN 0 1 2007
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

**UNITED STATES DISTRICT COURT**

**WESTERN DISTRICT OF LOUISIANA**

**LAFAYETTE-OPELOUSAS DIVISION**

**PATRICIA A. WILLIAMS**                         **CIVIL ACTION NO. 05-1747**

**VS.**                                                            **JUDGE MELANÇON**

**COMMISSIONER OF SOCIAL SECURITY       MAGISTRATE JUDGE METHVIN**

### RULING ON MOTION FOR ATTORNEY'S FEES
### PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT
*(Rec. Doc. 13)*

Before the Court is claimant's Motion for Attorney's Fees Pursuant to the Equal Access

to Justice Act ("EAJA") filed by social security claimant Patricia A. Williams ("Williams") on

April 28, 2007.[1]  The motion is unopposed.

Williams seeks a total of $1,648.00 in fees, including (1) $1,000.00 in attorney's fees (8

hours at the rate of $125.00 per hour), and $648.00 in paralegal fees (10.80 hours at the rate of

$60.00 per hour).  In support of this request, Williams's counsel, William J. Ziegler, Jr.,

submitted a petition describing the services performed on behalf of his client and the time billed

in connection with each task in minimal increments of .10 hours.

### *Background*

On August 21, 2002, Williams protectively filed an application for supplemental security

income benefits, alleging disability as of February 1, 1985 due to high blood pressure, diabetes,

vision problems, and mental problems.  Her application was denied initially and on

reconsideration, and an administrative hearing was held on June 10, 2004.  In an opinion dated

November 18, 2004, the ALJ found that Williams retains the residual functional capacity to

---

[1] Rec. Doc. 13.

2

perform work at all exertional levels, applied the Medical-Vocational Grids, and determined that

Williams was not disabled. (Tr. 24-25). A request for review was denied by the Appeals

Council, (Tr. 12-14), and suit was filed in this court on September 30, 2005.

On January 12, 2007, the undersigned magistrate judge issued a report recommending

that the decision of the ALJ be reversed and that the case be remanded for further administrative

proceedings.[2] Specifically, on remand, the Commissioner was ordered to further develop the

record to determine whether Williams's schizophrenia limits her ability to do work outside the

home. It was ordered that particular attention be paid to Listing 12.03C(2) and (3) to determine

whether Williams has a residual disease process that has resulted in such marginal adjustment

that even a minimal increase in mental demands or change in the environment would be

predicted to cause the individual to decompensate, or whether she has the ability to function

outside a highly supportive living arrangement. In order to develop the record, the ALJ was also

ordered to determine whether it is proper to re-contact Williams's treating physicians, obtain a

consultative medical examination from a qualified psychologist or psychiatrist, and/or obtain the

services of a vocational expert to testify at an administrative hearing to determine whether

Williams can make the adjustment to work outside the home. Finally, it was ordered that

Williams be afforded the opportunity to submit additional evidence in support of her claim.

On February 1, 2007, the district judge issued a judgment adopting the reasoning of the

undersigned and remanding the case.[3] On April 28, 2007, Williams filed the instant application

---

[2] Rec. Doc. 10.

[3] Rec. Doc. 12.

3

for fees.[4]

## *Guidelines for Attorneys' Fees and Expenses Calculation*

The EAJA provides that "a court shall award to a prevailing party . . . fees and other

expenses . . . unless the court finds that the position of the United States was substantially

justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The

Act thus places the burden on the Commissioner to show that the stated statutory exceptions

make an award of fees and expenses inappropriate. Martin v. Heckler, 754 F.2d 1262, 1264 (5th

Cir. 1985). Since Williams is a prevailing party, and the Commissioner does not oppose an

award of fees, I find that an award of fees is appropriate.

Under the Social Security Act, an attorney representing a claimant in a successful past-

due benefits claim is entitled to a reasonable fee to compensate such attorney for the services

performed by him in connection with such claim, not to exceed 25 percent of the total of the past-

due benefits recovered. 42 U.S.C. §§406(a), (b)(1). The "lodestar" approach has been adopted

by the Fifth Circuit for calculating reasonable attorneys' fees in social security cases. Brown v.

Sullivan, 917 F.2d 189, 191 (5th Cir. 1990). The starting point under this approach is the number

of attorney hours reasonably expended on litigation multiplied by a reasonable hourly rate. Id. at

192; Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S.Ct. 1933, 1939, 76 L.Ed.2d 40 (1983). The

attorney's usual non-contingent hourly rate or the prevailing market rate charged in the relevant

community for similar legal services are measures typically used as a first approximation of the

---

[4] Rec. Doc. 13. 28 U.S.C. §2412(d)(1)(B) provides that a party seeking an award of fees and other expenses shall submit an application within 30 days of final judgment. In sentence four cases, the filing period begins after the final judgment affirming, modifying or reversing is entered by the court and the appeal period has run, so that the judgment is no longer appealable. (emphasis added). Shalala v. Schaefer, 509 U.S. at 298, 113 S.Ct. at 2629. In a case in which the United States or its officer is a party, the notice of appeal may be filed within 60 days after the judgment is entered. FRAP 4(a)(1)(B). Thus, this application was timely filed.

4

reasonable hourly rate. Brown, 917 F.2d at 192.

Once determined, the product of this calculation, or the "lodestar," may be adjusted upward or downward based on the court's consideration of the circumstances surrounding the case. Id. This process is guided by the twelve factors set forth by the Fifth Circuit in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717-19 (5th Cir. 1974). Mid-Continent Casualty Company v. Chevron Pipe Line Company, 205 F.3d 222, 232 (5th Cir. 2000). The twelve Johnson factors include: (1) the time and labor involved; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of other employment by the attorneys due to this case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations; (8) the amount involved and the results obtained; (9) the experience, reputation and ability of counsel; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. Johnson, 488 F.2d at 717-19. The Supreme Court has limited greatly the use of the second, third, eighth, and ninth factors, and the Fifth Circuit has held that "[e]nhancements based upon these factors are only appropriate in rare cases supported by specific evidence in the record and detailed findings by the courts." Walker v. U. S. Department of Housing and Urban Development, 99 F.3d 761, 771-72 (5th Cir. 1996); Alberti v. Klevenhagen, 896 F.2d 927, 936 (5th Cir.), modified on other grounds, 903 F.2d 352 (5th Cir. 1990), citing Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 478 U.S. 546, 565, 106 S.Ct. 3088, 3098, 92 L.Ed.2d 439 (1986).

### Reasonable Hourly Rate

The EAJA provides that attorney's fees "shall be based upon prevailing market rates for

5

the kind and quality of the services furnished," but "shall not be awarded in excess of $125 per

hour unless the court determines that an increase in the cost of living or a special factor, such as

the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee."

28 U.S.C. § 2412(d)(2)(A)(ii). The customary hourly rate in this area has fluctuated between

$100.00 and $125.00. Mickey J. Comeaux v. Commissioner of Social Security, No. 99-0691

(January 12, 2000) ($100); Bonnie G. Duhon v. Commissioner of Social Security, No. 98-1883

(June 29, 1999) ($100); Randy P. Bertrand v. Commissioner of Social Security, No. 98-1220

(June 2, 1999) ($100); Joseph Provost v. Commissioner of Social Security, No. 99-1136 (July 7,

2000) ($125); Rhonda G. Huval v.Commissioner of Social Security, No. 99-1056 ($125).

I note that Mr. Ziegler is an experienced attorney who has provided competent legal

services to claimants seeking social security benefits for many years. I therefore conclude that

$125.00 per hour is an appropriate hourly fee.

### Reasonable Hours Expended

The Commissioner does not oppose the number of hours claimed by the claimant's

attorney. Furthermore, the undersigned concludes that 18.80 hours is a reasonable number of

hours for an attorney and paralegal to expend on a case of this type.

### Johnson Analysis

The next step requires that the court analyze the twelve Johnson factors to determine if

the lodestar requires adjustment. A listing of the factors and analysis of each factor as it applies

in this case follow. (1) Time and labor involved: the lodestar adequately compensates time and

labor involved. (2) Novelty and difficulty of the questions: similar issues in this case have been

previously addressed by this court. (3) The skill required to perform the legal services properly:

6

the hourly rate adequately compensates counsel for the level of skill required to handle this case competently. (4) Preclusion of other employment: no evidence was offered to establish that this case precluded handling of other cases. In addition, the billing of a total of 18.80 hours by the attorney and paralegal over a seventeen-month period precludes such a finding. (5) Customary fee: decisions rendered in this District indicate that the hourly rate awarded in social security cases in this area fluctuates between $100.00 and $125.00 per hour. The undersigned concludes that the rate of $125.00 per hour is appropriate in this case. (6) Fixed or contingent fee: this case was billed on an hourly basis; thus, this factor does not justify adjustment.[5] (7) Time limitations: no evidence was adduced on this point.[6] (8) The time involved and the results obtained: this matter was resolved approximately seventeen months after the complaint was filed; however, as the Supreme Court has greatly limited the use of this factor, and no specific evidence has been introduced in support, the lodestar requires no adjustment. Walker, 99 F.3d at 771. (9) The experience, reputation and ability of counsel: counsel enjoys the reputation of providing competent representation; the lodestar, however, adequately compensates for this factor. (10) The undesirability of the case: no evidence was adduced on this point. (11) The nature and length of the professional relationship with the client: no evidence was adduced on this point. (12) Awards in similar cases: Counsel has not cited any in the motion for attorney's fees. The lodestar is presumptively reasonable and should be modified only in exceptional cases. City of Burlington, 112 S.Ct. at 2641. This is not such a case; the lodestar requires no adjustment.

---

[5] In Walker, 99 F.3d at 772, the Fifth Circuit noted that the Supreme Court has barred any use of the sixth factor. See, City of Burlington v. Dague, 505 U.S. 557, 567, 112 S.Ct. 2638, 2643, 120 L.Ed.2d 449 (1992); Shipes v. Trinity Indus., 987 F.2d 311, 320 (5th Cir.), cert. denied, 510 U.S. 991, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993).

[6] The seventh factor is subsumed in the number of hours reasonably expended. Walker, 99 F.3d at 772.

7

**IT IS THEREFORE ORDERED** that the sum of $1,000.00 in attorney's fees and

$648.00 in paralegal fees, for a total of $1,648.00, is awarded to Patricia A. Williams as an EAJA

fee. The Commissioner of the Social Security Administration shall forward a check payable to

William J. Ziegler, Jr. in the amount of $1,648.00 pursuant to 28 U.S.C. §2412(d)(1)(A) within

forty-five days of this date.

Signed at Lafayette, Louisiana on ~~May~~ June ____, 2007.

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)

COPY SENT:
DATE: 6/1/07
BY: Cav
TO: Mem